Seward, J. (-orally).
This case comes into this court upon a petition in error from the finding of the probate court. The facts and the law are set out as found by the probate court, and they are substantially as follows:
John TI. Evans was seized in fee simple of certain real estate in Louisville—I think two or three lots, but it is not material. He died in 1869. His brother was appointed administrator of the estate by the probate court of this county, Judge Shircliff then being probate judge. In 1870 he filed his final account and turned over to the widow ninety-nine cents, and took her receipt for the balance that was in his hands as administrator after having paid the debts. The records of that proceeding and the settlement of the estate of John H. Evans were destroyed in the burning of the court house in 1875, so that the records in the probate judge’s office fail to show that there was any settlement of this estate of John H. Evans. Catherine Evans was still living in September, 1908, -and I believe she is living now.
The probate court found that no allowance of a year’s support was made to Catherine Evans in the settlement of the estate of John H. Evans by the administrator. The statutes of Ohio require, and it is mandatory, that the appraisers appointed by the probate court shall set off a certain amount for a year’s support to the widow and minor children. There was one minor child of John H. Evans, about four years of age, at the time of his death. The child died shortly after the death of the father. The child inherited this real estate, it being ancestral property in the child, and inherited it subject to the dower estate of the widow. At the death of the .child, the title of the property was cast upon the brothers and sisters of John TI. Evans living. They are mentioned in this record, and they are found to be the next of kin of this child. All these facts are found by the probate court.
The matter ran along until in 1908, about forty years, when this widow came into the probate court and filed an application for letters of administration upon -the estate. The court issued the letters to her, and it is found that the letters'were issued solely for the purpose -of setting off to her the year’s support after the *591 estate had been settled up for thirty-nine years, she having participated in the settlement to the extent of receiving ninety-nine cents out of that estate.
The question is whether she has the right to come into the probate court and have letters of administration issued to her, simply for the allowance of a year’s support, thirty-nine years after the estate was1 settled up by the former administrator. It is claimed by those representing the petition in error that she has not the right, and they made an application to have the letters revoked. The court held that they were properly issued, and that she was entitled to have the allowance for a year’s support set off to her, and from that finding the case is here on error.
Section 6018 provides for the issuing of letters of administration de bonis non. This is an important matter, but the court will refer to it briefly:
“When any sole executor or administrator shall die without having fully administered the estate, the court shall grant letters of administration, with the will annexed, or otherwise as the case may require, to some suitable person, to administer the goods and estate of the deceased, not already administered, provided there be personal estate of the deceased not administered, to the amount of twenty dollars, or debts to a like amount remaining due from the estate.”
It was the duty of the administrator formerly appointed to administer the estate fully, and it is presumed that he did it. That presumption arises.
She having knowledge of the settlement of the estate, if she failed to make her demand for the allowance of the year’s support, the question is whether she has abandoned the right to have it allowed to her; at least, no administration de bonis non could be had upon the estate if it was fully administered, or unless there was twenty dollars of personal property left unadministered, under Section 6018.
Section 6040 is mandatory concerning the allowance of the year’s support. But, suppose the widow did not insist upon her rights, and let it run along for the period of thirty-nine years, would the court be permitted to open it up for the simple purpose of allowing her a year’s support? Isn’t there some time in *592 which this matter shall be said to rest from any tnrbnlanee, or anything that would disturb the title to the real estate? The court thinks it should be so, at least.
Section 6113 provides for a limitation within which an action shall be brought against an administrator. It is two years:
“No executor or administrator,, after having given notice of his appointment, as provided in this chapter, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within two years from the time of his giving bond as aforesaid, excepting in the cases hereinafter mentioned.”
It is held in the 3d C.C.(N.S:), that that limitation applies to the widow’s allowance of her year’s support. If she fails to claim it within two years, she can not thereafter bring an action to recover her year’s support, or to have it assigned to her by proceedings in the probate court.
In the 5th Nisi Prius, 516, the statute of limitations is. discussed by the court. At page 517 the court say:
“The statute does not seem to place a limit upon the time within which, where appraisers fail for any cause to assign the same, a demand must be made for such allowance. It is probable that where an estate is fully settled”—that is this case—“all debts presented paid, the administrator discharged with the knowledge of the widow, that it would be held that she could not come into court and have an administrator de bonis non appointed for the sole purpose of securing a year’s allowance. But even in such a case where there are minor children, there might be questions as to her power to waive the same.”
The minor child in this case died shortly after the death of its father; and the court thinks that the application to revoke these letters should have been sustained, and does not think that the widow has the right, after thirty-nine years, with knowledge of the settlement of the estate, having received the balance of the money remaining in the hands of the administrator.. It was a small sum but indicates knowledge on her part, that this estate was being settled, and her rights were affected by the knowledge that she had of the settlement of the estate.
The court thinks the probate court erred in.not sustaining the application to set aside these letters. Petition in error sustained; judgment of the probate court reversed and case remanded.